# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: Name Change of Thomas S. Talbert**

**No.)  14-1099** (Cabell County 14-P-307)

**FILED**

May 1, 2015
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Thomas S. Talbert, appearing *pro se*, appeals the order of the Circuit Court of Cabell County, entered October 22, 2014, that denied his petition to change his name. Respondent State of West Virginia, by counsel Christopher S. Dodrill, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed a petition to change his name from "Thomas Spiral Talbert" to "Thomas Spiral Talburt" in the Circuit Court of Cabell County.[1] On October 22, 2014, the circuit court denied the petition, making the following findings of fact and conclusions of law:

1. This Court finds that [petitioner] was born on May 4, 1974[,] and as such is a person over eighteen (18) years of age.

2. This Court finds that [petitioner] has been convicted of at least four felonies and numerous misdemeanors.

3. This Court finds that [petitioner] is currently incarcerated at Huttonsville Correctional Center on a felony conviction of Driving While Under Influence [("DUI")] Third Offense. His next parole hearing is set for September 10, 2020.

4. As such[,] this Court finds that [p]etitioner has not complied with all of the statutory requirements in West Virginia Code 48-25-103 because he is a convicted felon and this Court hereby **DENIES** [p]etitioner's Petition to Change his name from Thomas Spiral Talbert, Jr. to Thomas Spiral Talburt.

---

[1] The Circuit Court of Cabell County was the court that convicted petitioner of the felony offense that is relevant to his petition to change his name.

1

Petitioner now appeals the circuit court's October 22, 2014, order denying the petition. We apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1 *In re Jenna A.J.*, 231 W.Va. 159, 744 S.E.2d 269 (2013) (Internal quotations and citations omitted.).

On appeal, petitioner contends that the circuit court committed a legal error in finding that all felons are prohibited from seeking a name change. Petitioner notes that West Virginia Code §§ 48-25-103(d) and (e) permit felons who have discharged sentences for first degree murder and kidnaping to petition for a name change after a period of ten years. Petitioner argues that these provisions indicate that a felon is not prohibited from applying for a name change. The State counters that petitioner overlooks West Virginia Code § 48-25-103(b) which clearly and unambiguously provides that "[t]he court may not grant any change of name for any person convicted of any felony during the time that the person is incarcerated." We agree with the State.

We find that although the circuit court's order could have been more precise as to the nature of its ruling, the court appropriately determined that West Virginia Code § 48-25-103(b) required the denial of the petition because "[petitioner] is currently incarcerated at Huttonsville Correctional Center on a felony conviction of [DUI] Third Offense." Petitioner does not dispute this finding, and it is fatal to his petition. Therefore, we conclude that the circuit court did not abuse its discretion in denying the petition.[2]

For the foregoing reasons, we affirm.

Affirmed.

---

[2] Petitioner also argues that West Virginia Code § 48-25-103 is void pursuant to Article VI, § 30 of the West Virginia Constitution because its purpose—when a court may or may not order a change of name—is not reflected in the title of Chapter 48, Article 25 of the West Virginia Code, which is "Change of Name." We reject this argument as frivolous. *See* Syl. Pt. 2, *State ex rel. City of Charleston v. Bosely*, 165 W.Va. 332, 268 S.E.2d 590 (1980) ("When the principal object of an act of the legislature is expressed in the title, and the act embraces, along with such principal object other incidental or auxiliary objects germane to the principal object, the act is not repugnant to section 30, art. 6, of the constitution, and is valid as to such principal and auxiliary or incidental object.") (Internal quotations and citations omitted); Syl. Pt. 5, *Lemon v. Rumsey*, 108 W.Va. 242, 150 S.E. 725 (1929) ("When the title of a legislative enactment embraces but one object, and the several provisions of the act are but means to the accomplishment of that object, and are reasonably necessary thereto, section 30, art. 6, of the Constitution, is not violated.").

**ISSUED**: May 1, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II